OPINION. Tukner, Judge: If the debentures have created an indebtedness the payments to the holders thereof are interest and deductible as expense, but if they are in fact capital stock the payments are dividends and not deductible. Similar questions have been before this tribunal and other courts, and with each one it was necessary to consider all of the facts and circumstances in the particular case in order to determine if the relationship was that of a stock ownership or of debtor and creditor. In some cases the determining characteristic has been one factor, while in other cases it has been another. No one factor is necessarily controlling. Commissioner v. Schmoll Fils, Associated, Inc., 110 Fed. (2d) 611 (C.C.A., 2d Cir., 1940). The determining factors are usually listed as the name given to the certificates, the presence or absence of maturity date, the source of the payments, the right to enforce the payment of principal and interest, participation in management, status equal to or inferior to that of regular corporate creditors, and intent of the parties. Applying the test of these determining characteristics, we conclude petitioner should prevail. Though at different times the petitioner might have called the “debentures” “stock,” at all times the payments thereon, whether on the books, in the minutes, or in the income tax returns, were referred to as “interest.” It is true that the interest was to be paid out of “net income,” but that in itself is not decisive. H. R. DeMilt Co., 7 B. T. A. 7. In the event of default the trustees and debenture holders were entitled to declare, in a designated process, the debentures immediately due and payable and to institute suit thereon. The fact that the debentures were subordinated to the rights of all creditors but were prior to those of the stockholders is not of itself conclusive against their classification as indebtedness. O. P. P. Holding Corporation, 30 B. T. A. 337; affd., 76 Fed. (2d) 11 (C. C. A., 2d Cir.). The debenture holder did not have the right to participate in the management of the corporation. It is apparent that the holders of the preferred stock, in exchanging the stock for “20 year 8% income debentures,” preferred the debtor-creditor status of debenture holders to that of stockholders, and stockholders have the right to change to the creditor-debtor basis, though the reason may be purely personal to the parties concerned. Commissioner v. Proctor Shop, Inc., 82 Fed. (2d) 792 (C. C. A., 9th Cir.), affirming 30 B. T. A. 721. In computing the surtax on undistributed profits the respondent increased the dividend paid credit claimed by petitioner in the returns for the years 1937, 1938, and 1939 in the amounts of $6,000, $12,000, and $12,000, respectively, by reason of having determined the said amounts were dividends and not interest. The dividend paid credit as to each of the years should be reduced by a corresponding amount. Decision will be entered under Rule 50.